UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **DEBRA WOOD, ET AL** | **CIVIL ACTION NO. 09-1402** |
| **VERSUS** | **MAGISTRATE JUDGE HANNA** |
| **MARINER ENERGY, INC.** | **BY CONSENT OF THE PARTIES** |

*MEMORANDUM RULING*

Before the Court is defendant Kilgore Marine Services, Inc.'s Motion for Summary Judgment. (Rec. Doc. 101). No written opposition was filed and at a telephone conference held on October 21, 2010, the parties confirmed there was no opposition to the motion.

*Background and Argument*

In its motion, Kilgore states it was merely a broker involved in bringing together the owner of the M/V PORT EADS with the customer, Mariner. Kilgore further states it exercised no operational control over the vessel, the swing rope, or the platform, nor did Kilgore employ any of the crew of the M/V PORT EADS or any of the workers of the other defendants.

*Summary Judgment Standard*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue

as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." Id.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Celotex, 477 U.S. at 324; see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Auguster v. Vermillion Parish School Bd., 249 F.3d 400, 402 (5th Cir.2001).

*Discussion*

The court has reviewed the motion and finds it has merit. A broker relationship, such as that of Kilgore and Mariner, does not make Kilgore vicariously liable for the negligence of other parties. Moncada v. Lemuria Shipping Corp., 491 F.2d 470, 473 (2nd

Cir. 1974), citing Romero v. International Terminal Operating Co., 358 U.S. 354, 384 - 385 (1959). Therefore, considering the well-placed arguments of Kilgore and the lack of opposition to the motion,

**IT IS ORDERED** that defendant Kilgore Marine Services, Inc.'s Motion for Summary Judgment  (Rec. Doc. 101) is **GRANTED**.

Lafayette, Louisiana, this 24th day of October, 2010.